# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

ANDERSON LEE FERNANDERS

       Plaintiff,

V

JEFF WRIGHT
GENESEE COUNTY DRAIN COMMISSIONER,
DARNELL EARLE
FLINT'S STATE-APPOINTED
EMERGENCY MANAGER,
DAYNE WALLING
MAYOR OF THE CITY OF FLINT,

AND

MR. AND MS/MRS. JANE AND
JOHN DOE/UNKNOWN (1 TO 1000)
       Defendants.

_____/

Case: 2:15-cv-10083
Judge: Cohn, Avern
MJ: Whalen, R. Steven
Filed: 01-09-2015
IFP Anderson Fernanders v. Jeff Wright, et al (dw)

Jeff Wright
Genesee County Drain Commissioner
4610 Beecher Road
Flint MI 48532
810-732-7870

Darnell Earle
Flint's State-Appointed
Emergency Manager
1101 S. Saginaw St.
Flint, MI 48502
(810) 766-7418

Dayne Walling
Mayor of the City of Flint
1101 South Saginaw Street #101
Flint, MI 48502
(810) 766-7346
Defendants.

Anderson Lee Fernanders
5801 Marlowe Drive
Flint, MI 48504
(216) 272-3539
Plaintiff.

_____/

# EX PARTE COMPLAINT FOR PRELIMINARY INJUNCTION AND OTHER RELIEF

The Plaintiff, Anderson Lee Fernanders, brings this action for legal and equitable relief, for: Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) knowingly, recklessly, wantonly, and/or negligently poisoned the Plaintiff and all City of Flint residents and employees by causing the Plaintiff and all City of Flint residents and their employees who unknowingly and unwittingly drink, shower in, bathe in, and otherwise use domestic water supplied by the City of Flint that was contaminated with dangerous toxins known as Trihalomethanes (THMs) above 80 parts per billion under the Federal Safe Water Act, Michigan Safe Water Act, and Uniform Commercial Code (UCC) and pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65.; **Count One** of the Mr. Fernanders' Complaint contains allegations NEGLIGENCE which put the Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) on notice of his claims and the grounds on which they rest; **Count Two** of the Mr. Fernanders' Complaint contains allegations BREACH OF DUTY TO STATUTORY STANDARD OF CARE (NEGLIGENCE PER SE), as a action which put the Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) on notice of her claims and the grounds on which they rest; **Count Three** of the Mr. Fernanders' Complaint contains allegations BREACH OF EXPRESS AND IMPLIED GOOD FAITH AND FIDUCIARY, as a action which put the Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) on notice of her claims and the grounds on which they rest; **Count Four** of the Mr. Fernanders' Complaint contains allegations CIVIL CONSPIRACY which put the Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) on notice of his claims and the grounds on which they rest; **Count Five** of the Mr. Fernanders' Complaint contains allegations CONSTITUTIONAL TORT which put the Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) on notice of his claims and the grounds on which they rest; **Count Six** of the Mr. Fernanders' Complaint contains allegations for a PRELIMINARY

2

INJUNCTION which put the Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) on notice of his claims and the grounds on which they rest; This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of a federal question, Uniform Commercial Code (UCC) and Federal Safe Water Act, Michigan Safe Water Act. The amount in controversy of $52,000,000 exceeds the sum of $15,000.00 exclusive of interest and costs. Venue lies with this Court pursuant to Breach of duty to Statutory Standard of Care (Negligence per se), Negligence, Breach Of Express Or Implied Contracts Or Even Speculation Of Bad Faith And Unfair Dealing, Civil Conspiracy, Breach of Express and Implied Good Faith and Fiduciary, and Constitutional Tort, because all of the incidents alleged in this Complaint occurred in the District of Michigan, of these United States.

## STATEMENT OF THE FACTS

### Parties

1. At all relevant times, Defendant Jeff Wright was the Genesee County Drain Commissioner and CEO of the Karegnondi Water Authority (KWA).

2. At all relevant times, Defendant Darnell Earle was the Flint's State-Appointed Emergency Manager.

3. At all relevant times, Defendant Dayne Walling was the Mayor of the City of Flint.

4. Plaintiff, Anderson Lee Fernanders, an African-American male, residing in Flint, Michigan.

### Summary

5. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) knowingly, recklessly, wantonly, and/or negligently poisoned the Plaintiff and all City of Flint residents and employees by causing the Plaintiff and all City of Flint residents and their employees who unknowingly and unwittingly to drink, shower in, bathe in, and otherwise use domestic

3

water supplied by the City of Flint that was contaminated with dangerous toxins known as Trihalomethanes (THMs) above 80 parts per billion.

6.  As a direct result of drinking and otherwise using water contaminated with Trihalomethanes (THMs) above 80 parts per billion, the city causes the Plaintiff and all City of Flint residents and their employees to suffer a spontaneous and acute gastrointestinal reaction and other injuries.

7.  At all relevant times, the Defendant and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) knew or should have known of the presence of Trihalomethanes (THMs) in its water exceeded the MCL for total Trihalomethanes (THMs) of 80 parts per billion.

8.  At all relevant times, the Defendant and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) knew or should have known of the harmful and toxic effects of Trihalomethanes (THMs) above 80 parts per billion on persons exposed to them.

9.  Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) failed to rectify this problem, which it could and should have resolved.

10. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) attempted to cover up the problem by issuing inadequate and misleading information to Plaintiff and all City of Flint residents and their employees.

11. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) did not warn Plaintiff and all City of Flint residents and their employees the true nature and extent of the danger to those exposed to the water supplied by the City of Flint.

**Chemical**

12. Trihalomethanes (THMs) are rarely found in raw water.

4

13. The International Union of Pure and Applied Chemistry name of bromoform is tribromomethane.

14. Trihalomethanes (THMs) is one of the toxic carcinogens created when Chlorine reacts with organic matter in water.

15. When organic matter decays somewhat like compost materials (leaves, bark, sediments) Trihalomethanes are formed.

16. Trihalomethanes (THMs) are a group of organic chemicals that often occur in drinking water as a result of chlorine treatment for disinfectant purposes.

17. Trihalomethanes (THMs) are also known as "disinfection byproducts" or DBPs.

18. Trichloromethane (chloroform) is formed when chlorine reacts with naturally occurring organic material found in water such as decaying vegetation.

19. Bromodichloromethane (BDCM) is formed when chlorine reacts with naturally occurring organic material found in water such as decaying vegetation.

20. Dibromochloromethane (DBCM) is formed when chlorine reacts with naturally occurring organic material found in water such as decaying vegetation.

21. Tribromomethane (bromoform) is formed when chlorine reacts with naturally occurring organic material found in water such as decaying vegetation.

22. Trichloromethane (chloroform) is a THMs.

23. Bromodichloromethane (BDCM) is a THMs.

24. Dibromochloromethane (DBCM) is a THMs.

25. Tribromomethane (bromoform) is a THMs.

26. The MCL for total Trihalomethanes (THMs) is 80 parts per billion (ppb = micrograms per liter (ug/L).

27. The MCL for total Trihalomethanes (THMs) legal limit of 80 is based on the potential for Trihalomethanes (THMs) to cause bladder cancer.

28. The amount of each Trihalomethanes (THMs) formed depends on the temperature.

29. The concentration of Trihalomethanes (THMs) in City of Flint's water depends on where your water supply comes from and the amount of chlorine that's added to the water supply at any given time of the year.

30. Chloramine is used in water treatment.

31. Compounds made from chlorine and ammonia gases are used in making Chloramines.

32. Chloramines are toxic to kidney dialysis patients.

**Get into People**

33. Trihalomethanes (THMs) are absorbed into the body through ingestion, inhalation, and through the skin.

34. The largest source of human exposure to THMs in the U.S. is from the consumption of chlorinated drinking water.

35. Trihalomethanes (THMs) are absorbed into the body through the skin during bathing.

36. Trihalomethanes (THMs) are absorbed into the body through the skin during swimming in chlorinated pools.

37. Trihalomethanes (THMs) are absorbed into the body at greater percentage through the skin when bathing water temperatures were increased.

38. Trihalomethanes (THMs) are absorbed into the body as a person breathes them in when steam is produced from hot showers or washing dishes.

**Effect on People**

39. Trihalomethanes (THMs) elicits the same symptoms of toxicity in humans as in animals.

40. Increased risk of certain cancers, such as bladder and colon cancer associated with long term exposure to Trihalomethanes (THMs).

41. Reproductive issues such as miscarriages, birth defects and low birth rates associated with long term exposure to Trihalomethanes (THMs).

42. Damage to the heart, lungs, kidney, liver and central nervous system associated with long term exposure to Trihalomethanes (THMs).

43. The best way to remove Trihalomethanes (THMs) from a home's water supply is to install a whole house filtration system designed to reduce exposures to Trihalomethanes (THMs).

44. Consequently, this litigation is brought to recover

45. all damages related to the presence of Trihalomethanes (THMs)  in the water supplied by

46. the City of Flint and used by the Plaintiff and all City of Flint residents and their employees.

**COUNT ONE NEGLIGENCE**

47. Paragraphs 1 through 46 above are and Affidavit are hereby incorporated as if fully set forth herein.

48. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) owed Plaintiff and all City of Flint residents and their employees a duty of care arising from Federal Safe Water Act, Michigan Safe Water Act, and Uniform Commercial Code (UCC).

49.  Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) breached that duty by poisoning the Plaintiff and all City of Flint residents and employees by causing the Plaintiff and all City of Flint residents and their employees.

50.  Plaintiff and all City of Flint residents and their employees relied Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) to unknowingly and unwittingly drink, shower in, bathe in, and otherwise use domestic water supplied by the City of Flint that was

contaminated with dangerous toxins known as Trihalomethanes (THMs) above 80 parts per billion.

51. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) negligence causes Plaintiff and all City of Flint residents and their employees to suffer a spontaneous and acute gastrointestinal reaction  and to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**COUNT TWO BREACH OF DUTY TO STATUTORY STANDARD OF CARE (NEGLIGENCE PER SE)**

52. Paragraphs 1 through 51 above are and Affidavit are hereby incorporated as if fully set forth herein.

53. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) conspired to poisoning the Plaintiff and all City of Flint residents and employees by causing the Plaintiff and all City of Flint residents and their employees motivated by Civil Conspiracy.

54. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) violated statutes and laws.

55.  Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) violated the safety statutes and laws in question: Federal Safe Water Act, Michigan Safe Water Act, and Uniform Commercial Code (UCC) motivated by Civil Conspiracy.

56.  Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) actions caused the type of harm that the statutes and laws were intended to prevent: Defendants' actions were not prompted by an honest mistake or bad judgment but instead by conscious and deliberate acts of intentional motivated malice, trickery, and deceitful conduct to cause Plaintiff and all City of Flint

residents and employees to unknowingly and unwittingly drink, shower in, bathe in, and otherwise use domestic water supplied by the City of Flint that was contaminated with dangerous toxins known as Trihalomethanes (THMs) above 80 parts per billion..

**COUNT THREE BREACH OF EXPRESS AND IMPLIED GOOD FAITH AND FIDUCIARY**

57. Paragraphs 1 through 56 above are and Affidavit are hereby incorporated as if fully set forth herein.

58. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) and Plaintiff and all City of Flint residents and employees fiduciary relationship arise from Federal Safe Water Act, Michigan Safe Water Act, and Uniform Commercial Code (UCC), and/or job responsibilities.

59. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) betrayed Plaintiff and all City of Flint residents and employees by supplying water contaminated with dangerous toxins known as Trihalomethanes (THMs) above 80 parts per billion.

60. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) actions causes Plaintiff and all City of Flint residents and their employees to suffer a spontaneous and acute gastrointestinal reaction  and to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**COUNT FOUR CIVIL CONSPIRACY**

61. Paragraphs 1 through 60 above are and Affidavit are hereby incorporated as if fully set forth herein.

62. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) in a concerted action to Plaintiff and all City of Flint residents and employees by causing the Plaintiff and

9

all City of Flint residents and their employees who unknowingly and unwittingly to drink, shower in, bathe in, and otherwise use domestic water supplied by the City of Flint that was contaminated with dangerous toxins known as Trihalomethanes (THMs) above 80 parts per billion.

63. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action was accomplished by a combination of two or more persons.

64. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action is an unlawful purpose.

65. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action is a lawful purpose by criminal means.

66. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action is a lawful purpose by unlawful means.

67. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action causes Plaintiff and all City of Flint residents and their employees to suffer a spontaneous and acute gastrointestinal reaction and to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**COUNT FIVE CONSTITUTIONAL TORT**

68. Paragraphs 1 through 67 above and Affidavit are hereby incorporated as if fully set forth herein.

69. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action violates Plaintiff and all City of Flint residents and employees' Michigan Constitution right to enjoyment as conferred in ARTICLE 18 Section 13.

70. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action violates Plaintiff and all City of Flint residents and employees' Federal Constitution right to domestic Tranquility as conferred in its Preamble.

71. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action violated Federal Safe Water Act, Michigan Safe Water Act, and Uniform Commercial Code (UCC).

72. Plaintiff and Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) State of Michigan Supreme Court has "observed that nontort causes of action are not barred by immunity if a Plaintiff successfully pleads and establishes such a cause of action.[1]"

73. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) breached their constitutional duty by causing the Plaintiff and all City of Flint residents and their employees who unknowingly and unwittingly to drink, shower in, bathe in, and otherwise use domestic water supplied by the City of Flint that was contaminated with dangerous toxins known as Trihalomethanes (THMs) above 80 parts per billion.

74. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) concerted action causes Plaintiff and all City of Flint residents and their employees to suffer a spontaneous and acute gastrointestinal reaction and to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

---

[1] *Borg-Warner Acceptance Corp v Dep't of State*, 433 Mich 16, 19; 444 NW2d 786 (1989) (emphasis in original). Further, in *Smith v Dep't of Pub Health*, 428 Mich 540, 544; 410 NW2d 749 (1987), aff'd sub nom *Will v Michigan Dep't of State Police*, 491 US 58; (1989), the Michigan Supreme Court held: [] Where it is alleged that the state, by virtue of custom or policy, has violated a right conferred by the Michigan Constitution, governmental immunity is not available in a state court action. [] A claim for damages against the state arising from violation by the state of the Michigan Constitution may be recognized in appropriate cases. See also *Jones v Powell*, 462 Mich 329, 336; 612 NW2d 423 (2000).

**COUNT SIX PRELIMINARY INJUNCTION**

75. Paragraphs 1 through 76 above and Affidavit are hereby incorporated as if fully set forth herein.

76. The public interest of Plaintiff and all City of Flint residents and their employees will not suffer harm if an injunction is issued.

77. The harm to Plaintiff and all City of Flint residents and their employees in the absence of a stay outweighs the harm to the Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) if a stay is granted.

78. Plaintiff and all City of Flint residents and their employees is likely to prevail the merit even if the some facts remain unclear or some merits cannot be determined without a full hearing.

79. Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) will not suffer irreparable injury from the preliminary injunction.

80. Plaintiff and all City of Flint residents and their employees long term exposure to Trihalomethanes (THMs) develop but not limited to certain cancers, such as bladder and colon cancer,  reproductive issues such as miscarriages, birth defects and low birth rates, damage to the heart, lungs, kidney, liver and central nervous system in the absence of an injunction will cause a noncompensable injury for which there is no legal measurement of damages or for which damages cannot be determined with a sufficient degree of certainty.

WHEREFORE, Anderson Lee Fernanders prays that this Honorable Court make him whole by Grant recovery  of $52,000,000 as follows $5,000,000 Uniform Commercial Code (UCC), $5,000,000 Breach of duty to Statutory Standard of Care (Negligence per se), $5,000,000 Negligence, $5,000,000 Breach Of Express Or Implied Contracts Or Even Speculation Of Bad Faith And Unfair Dealing, $5,000,000 Civil Conspiracy, $5,000,000 Breach of Express and

Implied Good Faith and Fiduciary, and $5,000,000 Constitutional Tort, $16,000.000 Punitive

damages, $1,000,000 Compensatory damages: for spontaneous and acute gastrointestinal

reaction, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and

other nonpecuniary losses, GRANT relief as stipulated for violation of the Federal Safe Water

Act, Michigan Safe Water Act, GRANT attorney fees in the amount of $270,000,  GRANT

Preliminary Injunction relief as follows:

## 1. DEFINITIONS
 "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to,
any real or personal property, including, but not limited to, "goods," "instruments,"
"equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms
are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts,
mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises,
receivables, funds, and all cash, wherever located.
2. "Assisting others" includes, but is not limited to, providing or facilitating the
means of obtaining money from consumers, by providing or facilitating access to the credit card
or bank account payment and collection system.
3. "Defendant" or "Defendants" means Defendants Jeff Wright, Darnell Earle, Dayne Walling
and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) and each of them, by whatever
names each may be known, and their successors and assigns, and any subsidiaries, affiliates, and
any fictitious business entities or business names created or used by them. and which the
Permanent Receiver has reason to believe are owned or controlled in whole or in part by any of
the Defendants.
4. "Document" or "documents" means any materials listed in Federal Rule of Civil
Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video
recordings, computer records, and other data compilations from which information can be
obtained and translated, if necessary, through detection devices into reasonably usable form. A
draft or non-identical copy is a separate document within the meaning of the term.
5. "Financial Institution" means any bank, savings and loan institution, credit
union, financial depository, brokerage house, broker-dealer, commodity trading company,
precious metal dealer, escrow agent, money market or mutual fund, storage company, trustee, or
any other person, partnership, corporation, or other legal entity maintaining or having control of
any records, accounts, or other assets, owned directly or indirectly, of record or beneficially, by
any Defendant, including accounts or assets which any Defendant may control by virtue of being
a signatory on said accounts.
6. "Person" or "persons" means a natural person, an organization or other legal entity, including a
corporation, partnership, sole proprietorship, limited liability company, association, cooperative,
or any other group or combination acting as an entity.
7. "Plaintiff" means Anderson Lee Fernanders.
8 . "Permanent Receiver" refers to the City Counsel of Flint Michigan.

**2. PROHIBITIONS AND CONDUCT REQUIREMENTS** As it pertains to the governance of
water supplied by the City of Flint that Defendants, and their officers, agents, servants,
employees, and attorneys, and all other persons in active concert or participation with any of
them, who receive actual notice of this Order by personal service or otherwise, whether acting
directly or through any trust, corporation, subsidiary, division, or other device, including, but not
limited to fictitious business names, are hereby restrained and enjoined from:
A. Charging, causing to be charged, or assisting others in charging, any consumer's
credit card or debiting, causing to be debited, or assisting others in debiting, any consumer's
bank account without the consumer's express informed consent for such charge or debit; and
B. Misrepresenting, or assisting others in misrepresenting, expressly or by implication, that a
consumer is obligated to pay any charge or debit that has not been expressly authorized by the
consumer.

**3. ASSET AND RECORD RETENTION, ASSET FREEZE** As it pertains to the governance
of water supplied by the City of Flint that Defendants, and their officers, agents, servants,
employees, and attorneys, and all other persons in active concert or participation with any of
them, who receive actual notice of this Order by personal service or otherwise, whether acting
directly or through any trust, corporation, subsidiary, division, or other device, or any of them,
except as provided herein, as stipulated by the parties, or as directed by further order of the
Court, are hereby restrained and enjoined from as it pertains to the governance of water supplied
by the City of Flint:
A. As it pertains to the governance of water supplied by the City of Flint Transferring,
liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating,
disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest
in, or otherwise disposing of any funds, credit instruments, real or personal property, accounts,
contracts, shares of stock, lists of consumer names, or other assets, or any interest therein,
wherever located, including outside the territorial United States, that are:
1. Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or
belonging to, any Defendant as it pertains to the governance of water supplied by the City of
Flint;
2. In the actual or constructive possession of any Defendant; or
3. In the actual or constructive possession of, or owned, controlled, or held by, or subject to
access by, or belonging to, any other corporation, partnership, trust, or any other entity directly
or indirectly owned, managed, or controlled by, or under common control with, any Defendant,
including, but not limited to, any assets held by or for any Defendant in any account at any bank
or savings and loan institution, or with any credit card processing agent, automated clearing
house processor, network transaction processor, bank debit processing agent, customer service
agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit
union, retirement fund custodian, money market or mutual fund, storage company, trustee, or
with any broker-dealer, escrow agent, title company, commodity trading company, precious
metal dealer, or other financial institution or depository of any kind, either within or outside the
territorial United States;
B. As it pertains to the governance of water supplied by the City of Flint opening or causing to
be opened any safe deposit boxes, commercial mail boxes, or storage facilities associated with
any water supplied by the City of Flint, or subject to access by any Defendant or under any

14

Defendant's control, without providing the Plaintiff prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Section;

C. As it pertains to the governance of water supplied by the City of Flint cashing any checks or depositing any payments from customers of water supplied by the City of Flint;

D. As it pertains to the governance of water supplied by the City of Flint incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any water supplied by the City of Flint;

E. As it pertains to the governance of water supplied by the City of Flint incurring liens or encumbrances on real property, personal property, or other assets in the water supplied by the City of Flint; or

F. As it pertains to the governance of water supplied by the City of Flint transferring any funds or other assets subject to this Order for attorney's fees or living expenses, except from accounts or other assets identified by prior written agreement with the Plaintiff; provided that no attorney's fees or living expenses shall be paid from funds or other assets subject to this Order provided to Plaintiff. The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

**4. DUTIES OF PARTIES HOLDING DEFENDANTS' ASSETS** As it pertains to the governance of water supplied by the City of Flint that, any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant as it pertains to the governance of water supplied by the City of Flint, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant as it pertains to the governance of water supplied by the City of Flint, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A. As it pertains to the governance of water supplied by the City of Flint hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1. On behalf of, or for the benefit of, any Defendant or any other party subject to Section II above;

2. In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section II above; and

3. That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section II above;

B. As it pertains to the governance of water supplied by the City of Flint deny Defendants access to any safe deposit boxes or storage facilities that are either:

1. Titled in the name, individually or jointly, of any Defendant, or other party subject to Section II above; or

2. Subject to access by any Defendant or other party subject to Section II above;

C. As it pertains to the governance of water supplied by the City of Flint provide the Plaintiff, within five (5) days of the date of service of this Order, a sworn statement setting forth:

I. The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section II above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control as it pertains to the governance of water supplied by the City of Flint;

15

2. The balance of each such account, or a description of the nature and value of such asset as it pertains to the governance of water supplied by the City of Flint;

3. The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section II above, whether in whole or in part as it pertains to the governance of water supplied by the City of Flint; and

4. If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D. As it pertains to the governance of water supplied by the City of Flint the accounts subject to this provision include existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled two years prior to the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, or any further order of the Court, or by written agreement of the parties; and

E. As it pertains to the governance of water supplied by the City of Flint within five (5) days of a request from the PLAINTIFF, provide to the PLAINTIFF copies of all records or other documents pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs as it pertains to the governance of water supplied by the City of Flint.

## 5. DUTIES OF THIRD PARTIES PROCESSING PAYMENTS FOR DEFENDANTS

As it pertains to the governance of water supplied by the City of Flint that, any automated clearing house, network transaction processor, business entity, or person providing any services or assistance in processing Defendants' customer payments, including, but not limited to, payments made by credit or debit card, bank account debit, and/or check, and which is served with a copy of this Order, or otherwise has actual knowledge of this Order, is hereby restrained and enjoined from providing any assistance in the processing of any payments by consumers as it pertains to the governance of water supplied by the City of Flint.

## 6. PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

As it pertains to the governance of water supplied by the City of Flint that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from as it pertains to the governance of water supplied by the City of Flint:

A. As it pertains to the governance of water supplied by the City of Flint failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the incomes, disbursements, transactions, dispositions, and uses of Defendants' assets;

B. As it pertains to the governance of water supplied by the City of Flint destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically-stored materials, that relate in any way to the business practices or business or personal finances of Defendants as it pertains to the governance of water supplied by the City of Flint; to the business practices or finances of entities directly or indirectly under the control of Defendants as it pertains to the governance of water supplied by the City of Flint; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant as it pertains to the governance of water supplied by the City of Flint; and

C. As it pertains to the governance of water supplied by the City of Flint creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and Web site address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## 7. PLAINTIFF'S IMMEDIATE ACCESS TO DEFENDANTS' BUSINESS RECORDS

As it pertains to the governance of water supplied by the City of Flint that Defendants shall allow Plaintiff's representatives, agents, and assistants immediate access to all documents relating to Defendants' business practices as it pertains to the governance of water supplied by the City of Flint for the purpose of inspecting and copying such documents. Accordingly, Defendants shall, immediately upon service of this Order:

A. As it pertains to the governance of water supplied by the City of Flint produce to Plaintiff for inspection, inventory, and/or copying, at a location designated by Plaintiff, all documents, referring or related, directly or indirectly, to Defendants' business practices, and/or any materials, information, or data related thereto; and

B. As it pertains to the governance of water supplied by the City of Flint produce to Plaintiff for inspection, inventory, and/or copying, at a location designated by Plaintiff, all computers and data in whatever form, used by Defendants, in whole or in part, referring or relating to Defendants' business practices. The Plaintiff shall return materials produced by Defendants pursuant to this Paragraph within five (5) business days of the production of such materials.

## 8. REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS As it pertains to the governance of water supplied by the City of Flint that Defendants shall:

A. As it pertains to the governance of water supplied by the City of Flint within three (3) business days following entry of this Order, take such steps as are necessary to repatriate to the United States all documents and assets held by or for Defendants or for the benefit of any Defendant or under the direct or indirect control of any Defendant, jointly, severally, or individually, that were transferred outside the territory of the United States from within the territory of the United States;

B. As it pertains to the governance of water supplied by the City of Flint within three (3) business days following entry of this Order, provide Plaintiff with a full accounting of all documents and assets that are located outside of the territory of the United States or that have been transferred to the territory of the United States pursuant to Subsection A above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally,

or individually, including the names and addresses of any foreign or domestic financial institution or other entity holding the assets, along with the account numbers and balances;
C. As it pertains to the governance of water supplied by the City of Flint hold and retain all repatriated documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and
D. As it pertains to the governance of water supplied by the City of Flint within three (3) business days following entry of this Order, provide Plaintiff access to Defendants' records and documents held by financial institutions or other entities outside the territorial United States, by signing and delivering to Plaintiff's counsel the Consent to Release of Financial information attached as **Attachment A.**

**9. INTERFERENCE WITH REPATRIATION** that As it pertains to the governance of water supplied by the City of Flint Defendants are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section of this Order, including, but not limited to:
A. As it pertains to the governance of water supplied by the City of Flint sending any statement, letter, facsimile, e-mail or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that assets have been fully repatriated pursuant to the preceding
Section of this Order; and
B. As it pertains to the governance of water supplied by the City of Flint notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as assets have been fully repatriated pursuant to the preceding Section of this Order.

**10. EXPEDITED DISCOVERY** As it pertains to the governance of water supplied by the City of Flint that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (t), 30(a)(2)(A), and 31 (aX2)(A),Plaintiff is granted leave, at any time after entry of this Order to:
A. As it pertains to the governance of water supplied by the City of Flint take the deposition of any person or entity, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and
B. As it pertains to the governance of water supplied by the City of Flint demand the production of documents from any person or entity, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action. Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the

applicability of any evidentiary privileges to this action. Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Northern District of Illinois, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile or by overnight delivery.

**11. PERMANENT RECEIVER** As it pertains to the governance of water supplied by the City of Flint that Permanent Receiver shall with the full power of a equity for Defendants, as well as for any successors, assigns, affiliates, and subsidiaries that conduct any business related to all the funds, properties, premises, accounts, and other assets directly or indirectly owned, beneficially or otherwise, by the Defendants. The Permanent Receiver shall be the City Counsel of the City of Flint and solely the agent of this Court in acting as Permanent Receiver under this Order. The Permanent Receiver shall be accountable directly to this Court. The Permanent Receiver shall comply with all Local Rules of this Court governing receivers.

**12. PERMANENT RECEIVER DUTIES** As it pertains to the governance of water supplied by the City of Flint that the Permanent Receiver is directed and authorized to perform and accomplish the following:
A. As it pertains to the governance of water supplied by the City of Flint assume full control of the Defendants by removing Defendants any other officer, independent contractor, employee, or agent of the Defendants from control and management of the affairs of As it pertains to the governance of water supplied by the City of Flint;
B. As it pertains to the governance of water supplied by the City of Flint collect, marshal, and take custody, control, and possession of all the funds, property, remises, accounts, mail, and other assets of, or in the possession or under the control of, the Defendants, wherever situated, the income and profits, and all sums of money now or hereafter due or owing to the Defendants with full power to: collect, receive, and take possession of all goods, chattels, rights, credits, monies, effects, lands, leases, books and records, work papers, records of accounts, including computer-maintained information, contracts, financial records, monies on hand in banks and other financial institutions, and other papers and documents of the Defendants and other individuals or corporations whose interests are now held by or under the direction, possession, custody, or control of the Defendants;
C. As it pertains to the governance of water supplied by the City of Flint perform all acts necessary to conserve, hold, manage, and preserve the value of those assets in order to prevent any irreparable loss, damage, and injury to business venture purchasers, and all acts incidental thereto, including the suspension of operations;
D. As it pertains to the governance of water supplied by the City of Flint perform all acts necessary to ensure that the Defendants are in compliance with the provisions of this Order,

including ceasing all advertising, marketing, offering, or assisting others in doing the same, which contains any false or misleading statements of material fact or which fail to disclose all information material to a consumer's decision to seek the services of as it pertains to the governance of water supplied by the City of Flint;

E. As it pertains to the governance of water supplied by the City of Flint make best efforts to notify the Defendants' customers about this Order, such efforts can include posting this Order on the Defendants' Web sites;

F. As it pertains to the governance of water supplied by the City of Flint enter into agreements in connection with administration of the Defendants, including, but not limited to: (1) the retention and employment of investigators, attorneys or accountants of the Permanent Receiver's choice, including, without limitation, members and employees of the Permanent Receiver, to assist, advise, and represent the Permanent Receiver; and (2) the movement and storage of any equipment, furniture, records, files or other physical property of the Defendants As it pertains to the governance of water supplied by the City of Flint; and

G. As it pertains to the governance of water supplied by the City of Flint institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Permanent Receiver deems necessary and advisable to preserve the value of the properties of the Defendants or that the Permanent Receiver deems necessary and advisable to carry out the Permanent Receiver's mandate under this Order, and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted against the Permanent Receiver or the Defendants that the Permanent Receiver deems necessary and advisable to preserve the properties of the Defendants or that the Permanent Receiver deems necessary and advisable to carry out the Permanent Receiver's mandate under this Order.

**13. PERMANENT RECEIVER'S BOND** that the Permanent Receiver shall file with the Clerk of this Court a bond in the sum of FIVE THOUSAND DOLLARS, with sureties to be approved by the Court, conditioned that the Permanent Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

**14. COOPERATION WITH THE PERMANENT RECEIVER** As it pertains to the governance of water supplied by the City of Flint that Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and each such person, shall fully cooperate with and assist the Permanent Receiver. Such cooperation and assistance shall include, but not be limited to, providing any information to the Permanent Receiver that the Permanent Receiver deems necessary to exercising the authority and discharging the responsibilities of the Permanent Receiver under this Order; providing any password required to access any computer or electronic files in any medium; or advising all persons who owe money to the Defendants that all debts should be paid directly to the Permanent Receiver. Defendants are restrained and enjoined from directly or indirectly:

A. As it pertains to the governance of water supplied by the City of Flint transacting any of the business of the Defendants, or transacting business under the Defendants name Services, or any substantially similar name;

B. As it pertains to the governance of water supplied by the City of Flint destroying, concealing, defacing, transferring, or otherwise altering or disposing of any documents of the Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

C. As it pertains to the governance of water supplied by the City of Flint transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Defendants, or the Permanent Receiver;

D. As it pertains to the governance of water supplied by the City of Flint excusing debts owed to the Defendants;

E. As it pertains to the governance of water supplied by the City of Flint failing to notify the Permanent Receiver of any asset, including accounts, of any Defendant held in any name other than the name of any Defendant, or by any person or entity other than the Defendants, or failing to provide any assistance or information requested by the Permanent Receiver in connection with obtaining possession, custody, or control of such assets; or

F. As it pertains to the governance of water supplied by the City of Flint doing any act or refraining from any act whatsoever to interfere with the Permanent Receiver's taking custody, control, possession, or managing of the assets or documents subject to Defendants; or to harass or interfere with the Permanent Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Defendants; or to refuse to cooperate with the Permanent Receiver or the Permanent Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court:.

**15. DELIVERY OF DEFENDANTS' PROPERTY** As it pertains to the governance of water supplied by the City of Flint that:

A. As it pertains to the governance of water supplied by the City of Flint immediately upon service of this Order upon them, or within a period permitted by the Permanent Receiver, Defendants and all other persons in possession, custody, and control of assets or documents of the Defendants shall transfer or deliver possession, custody, and control of the following to the Permanent Receiver:

1. All assets of the Defendants;

2. All documents of the Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, and other papers;

3. All assets belonging to members of the public now held by the Defendants; and

4. Information identifying the accounts, employees, properties, or other assets or obligations of the Defendants.

5. In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Permanent Receiver may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Permanent Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county to seize the asset, document, or other thing and to deliver it to the Permanent Receiver.

**16. BANKRUPTCY PETITIONS** As it pertains to the governance of water supplied by the City of Flint that, in light of the asset freeze and appointment of the Permanent Receiver, Defendants are prohibited from filing, or causing to be filed, on behalf of any Defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court;

And, as it pertains to the governance of water supplied by the City of Flint that, in light of the asset freeze, Individual Defendants must give twenty-one (21) days' notice to Plaintiff prior to filing, or causing to be filed, on behalf of the Individual Defendants, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

**17. TRANSFER OF FUNDS TO THE PERMANENT RECEIVER** As it pertains to the governance of water supplied by the City of Flint that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, or other financial institutions shall cooperate with all reasonable requests of the Permanent Receiver relating to implementation of this Order, including producing records related to the assets of the Defendants.

**18. STAY OF ACTIONS** As it pertains to the governance of water supplied by the City of Flint that:
A. As it pertains to the governance of water supplied by the City of Flint except by leave of this Court, during pendency of the Defendants ordered herein, Defendants and all other persons and entities (except for Plaintiff) are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of: a) the Defendants, or b) any of assets of Defendants, or c) the Permanent Receiver or the Permanent Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:
1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;
2. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;
3. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or
4. Doing any act or thing whatsoever to interfere with the Penn anent Receiver taking custody, control, possession, or management of the assets or documents subject to this Defendant, or to harass or interfere with the Permanent Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Defendants.
Paragraph (A) of this Paragraph does not stay:
1. The commencement or continuation of a criminal action or proceeding;
2. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;
3. The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4. The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

5. The issuance to the Defendants of a notice of tax deficiency.

Except as otherwise provided in this Order, all persons and entities in need of documentation from the Permanent Receiver shall in all instances first attempt to secure the information by submitting a formal written request to the Permanent Receiver, and, if the request has not been responded to within thirty (30) days of receipt by the Permanent Receiver, any such person or entity may thereafter seek an order of this Court with regard to the relief requested.

## 19. PERMANENT RECEIVER'S ACCESS TO BUSINESS PREMISES AND RECORDS

As it pertains to the governance of water supplied by the City of Flint that

A. As it pertains to the governance of water supplied by the City of Flint the Permanent Receiver, and its respective representatives, agents, contractors, or assistants, are permitted, and the Defendants shall allow, immediate access to any business premises and storage facilities of the Defendants. The locations include, but are not limited to, the offices and facilities of the Defendants.

B. As it pertains to the governance of water supplied by the City of Flint the Permanent Receiver is authorized to employ the assistance of law enforcement officers, including but not limited to the United States Marshals Service, to effect service, to implement peacefully the provisions of this Order, and keep the peace. The Permanent Receiver may exclude Defendants and their agents and employees from the business premises and facilities.

C. As it pertains to the governance of water supplied by the City of Flint Defendants and all agents or employees of Defendants shall provide the Permanent Receiver with any necessary means of access to documents, including, without limitation, the locations of Defendants' business premises, keys and combinations to business premises locks, computer access codes of all computers used to conduct Defendants' business, and storage area access information.

D. As it pertains to the governance of water supplied by the City of Flint the Permanent Receiver is authorized to copy any documents related to Defendants' business practices, including by forensic imaging of electronically stored information. The Permanent Receiver is authorized to remove any documents related to Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied.

E. As it pertains to the governance of water supplied by the City of Flint if any property, records, documents, or computer files relating to the Defendants' finances or business practices are located in the residence of any Defendant or are otherwise in the custody or control of any Defendant, then such Defendant shall produce them to the Permanent Receiver within twenty-four (24) hours of service of this Order. In order to prevent the destruction of computer data, upon service of this Order, any such computers shall be powered down (turned off) in the normal course for the operating systems used on such computers and shall not be powered up or used again until produced for copying and inspection, along with any codes needed for access.

F. As it pertains to the governance of water supplied by the City of Flint the Permanent Receiver is authorized, at its discretion, to remove the Defendants' business documents and electronic records to a secure offsite location for the purposes of storage.

G. As it pertains to the governance of water supplied by the City of Flint the Permanent Receiver is authorized to give Counsel for Plaintiff, and their respective representatives, agents, contractors, or assistants, and Defendants' counsel access to all client files and all other documents and electronic records of the Defendants to inspect, inventory and copy the documents and electronic records, at the parties' expense, subject to the requirement that each party comply with the terms of the Protective Order Regarding Defendants' Documents and Electronic Records provision below.

**20. PROTECTIVE ORDER REGARDING DEFENDANTS' DOCUMENTS AND ELECTRONIC RECORDS** As it pertains to the governance of water supplied by the City of Flint that the use and dissemination by the Permanent Receiver, Plaintiff and the Defendants of the Defendants' documents and electronic records made available for inspection, inventorying, or copying shall be subject to the following:

A. As it pertains to the governance of water supplied by the City of Flint confidential Records shall not be disclosed by the PaI1ies or the Permanent Receiver, or made available by the Parties or the Permanent Receiver to any other person or entity, except to the following:
1. Attorneys in this action and their legal staff who have a need for access to the Confidential Records;
2. Any expert or consultant retained by an attorney in this action for the purpose of consulting or testifying in this action, who has a need for access to the Confidential Records;
3. Persons whom attorneys in this action depose in connection with their preparation to testify or during their depositions;
4. Persons whom attorneys in this action expect to call as a witness in this action, in connection with their preparation to testify;
5. The Court, staff, and personnel;
6. Attorneys representing any of the Defendants in connection with any pending or threatened criminal proceeding or investigation or State Bar proceedings related to the allegations in this action and their legal staff who have a need for access to the Confidential Records' ,
7. Law enforcement personnel, attorneys for law enforcement personnel and State Bar personnel who are provided the Confidential Records in connection with any pending or threatened criminal investigation or proceeding or State Bar proceedings related to the allegations in thus action; and
8. Any other person who is designated by stipulation of the Parties and the Permanent Receiver, or by order of the Court. The Parties and persons set out at paragraph A (1) through (8) are collectively referred to as the "Recipients."

B. As it pertains to the governance of water supplied by the City of Flint recipients shall be subject to the following restrictions:
1. Recipients shall not disclose, reveal, or transmit the Confidential Records, in whole or in part, to any other individual or entity, now or in the future, except as otherwise provided herein;
2. Recipients shall take all steps necessary and appropriate to keep the Confidential Records in full and complete confidence, including storing and maintaining any Confidential Records in a manner that will prevent access to that information by unauthorized persons; and
3. Recipients shall not copy, duplicate, transfer or reproduce, in whole or in part, the Confidential Records, except as necessary for purposes consistent with this Protective Order. Recipients other

than Parties shall be advised of the Protective Order provisions of this Order and given a copy of this Order concurrently with their receipt of Confidential Records by the Permanent Receiver or the Parties providing the Confidential Records.

D. As it pertains to the governance of water supplied by the City of Flint recipients shall use the Confidential Records solely in connection with this action, or as otherwise expressly provided in this Protective Order, and shall not use or reproduce any Confidential Records or any information derived there from for any other purpose.

E. As it pertains to the governance of water supplied by the City of Flint in the event any Confidential Records are used in this action, or in any other action or proceeding, they shall not lose their protected status under this Stipulation for Protective Order through such use. Parties and the Permanent Receiver Submitting filings in this action or in any other action or proceeding that makes use of Confidential Records shall file such Confidential Records under seal provided, however, that nothing in this Stipulation for Protective Order shall be construed to restrict or limit the liability of the Parties to use any of the Confidential Records when the Party:

1. Obtains written permission from the client and the submission conforms with comply with all Local Rules of this Court;

2. Files a redacted version of the document with unique identifiers *(e.g.,* 1,2,3 or A, B, C) used in place of the client's name and personal data identifiers, along with a reference list, filed under seal, indicating

F. As it pertains to the governance of water supplied by the City of Flint the client's name, complete personal data identifiers and unique identifiers used in their place; or Obtains an order of the Court finding the documents are not subject to this Stipulation for Protective Order. All Confidential Records shall be returned to the Permanent Receiver within sixty (60) days of a final resolution of this action or any other action or proceeding for which the Confidential Records were made available, as applicable, or the Plaintiff, at its discretion, shall maintain the Confidential Records pursuant to Federal Trade Commission regulations. In the alternative, the Recipient shall certify that it has destroyed all Confidential Records within its possession or control.

G. As it pertains to the governance of water supplied by the City of Flint the restrictions on the use of the Confidential Records and all information derived there from set forth in this Stipulation for Protective Order shall survive the conclusion of this action.

**21. DISTRIBUTION OF ORDER BY DEFENDANTS** As it pertains to the governance of water supplied by the City of Flint that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, partners, divisions, sales entities, successors, assigns, members, officers, directors, employees, independent contractors, agents, servants, attorneys, spouses, representatives, and any other persons in active concert or participation with them. Within five (5) business days following entry of this Order, Defendants shall serve on Plaintiff an affidavit identifying the name, title, addresses, telephone numbers, date of service, and manner of service of the persons and entities Defendants have served with a copy of this Order in compliance with this provision.
\

**22. SERVICE OF ORDER** As it pertains to the governance of water supplied by the City of Flint that copies of this Order may be served by U.S. first class mail, overnight delivery, facsimile transmission, electronic mail, or personally, by agents and employees of the Plaintiff or any state, provincial, federal, or international law enforcement agency, or by private process

server on (1) Defendants, (2) any financial institution, entity, or person that holds, controls, or maintains custody of any documents or assets of any Defendant, or that held, controlled, or maintained custody of any documents or assets of any Defendant, or (3) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

**23. MONITORING** As it pertains to the governance of water supplied by the City of Flint that agents or representatives of Plaintiff may contact the Defendants or their agents or representatives directly and anonymously for the purpose of monitoring compliance with this Order, and may tape-record any oral communications that occur in the course of such contacts.

**24. WATER** In the City of Flint no business can charge a price higher than the fair market value of water in Michigan.

**25. RESIDENTS OF THE CITY OF FLINT** that Defendants do the following:
A. Purchase a carbon filtration water system designed to reduce exposures to trihalomethanes, haloacetic acids and other water treatment contaminants with a 3 year full warranty on in home labor and parts for each home housing Flint residents.
B. Reimburse any City of Flint Resident's bus fee, or taxi fee, or gas mileage, along with medical or medicine co-pay related to him or her or their child or grandchild or foster child expenses incurred due them drinking, breathing in, shower in, bathe in, and otherwise use domestic water supplied by the City of Flint that was contaminated with dangerous toxins known as Trihalomethanes (THMs) above maximum contaminant level (MCL).
C. Reimburse any City of Flint Resident's past water charges the date THMs went above MCL.
D. Pay for any City of Flint Resident's water bill until carbon filtration water system is installed.
E. Pay for the bottled water supply to the elderly and those caring for their children.

**26. BUSINESSES OF THE CITY OF FLINT** that Defendants do the following:
A. Reimburse 50% of the cost for landlords with Residents of the City of Flint as Tenants, Flint hospitals, and farmers using water supplied by the City of Flint to purchase a carbon filtration water system designed to reduce exposures to trihalomethanes, haloacetic acids and other water treatment contaminants with a 3 year full warranty on labor and parts.
B. Reimburse 25 % of the cost for Flint's restaurants using water supplied by the City of Flint to purchase a carbon filtration water system designed to reduce exposures to trihalomethanes, haloacetic acids and other water treatment contaminants with a 3 year full warranty on in home labor and parts.
C. Purchase a carbon filtration water system designed to reduce exposures to trihalomethanes, haloacetic acids and other water treatment contaminants with a 3 year full warranty on in home labor and parts for the city of Flint YMCA, Flint Job Corp, Flint Mental Health and Addition facilities, Flint Churches, Flint Library System, Flint youth programs, Flint Schools, Flint elderly care facilities, Flint daycares, Flint City Departments and all other social agencies located in the City of Flint.
D. Reimburse all businesses represented in this Section as those in Section 25 (C) and (D).

**27. SERVICE UPON** Plaintiff of all correspondence and pleadings to the Plaintiff shall be addressed to: Anderson Lee Fernanders, 5801 Marlowe Drive, Flint, MI 48504, (216) 272-3539.

**28. RETENTION OF JURISDICTION** of this Court shall retain jurisdiction of this matter for all purposes.

the Court bring this matter to US Attorney General along with the Michigan Attorney General

for possible criminal proceedings, GRANT court cost, a jury trial on all issues so triable,

GRANT City of Flint the right to issue a insured Government Bond at the  normal interest rate to

Plaintiff to purchase that is the sum of all monetary relief awarded to Plaintiff except court cost,

and attorney fees be created into for the to be used only with rebuild and repair Flint's Water

Treatment and Distribution systems and supplement monetary funds collected from Defendants

as it pertains to Preliminary Injunction relief numbers 25 and 26, and all relief consistent with

this Court's decision and all other relief as may be just and proper in the premises.

Respectfully

1-9-15

Anderson Lee Fernanders/Date
5801 Marlowe Drive
Flint, MI 48504
(216) 272-3539

# ATTACHMENT A

Consent to Release of Financial Records

I, _____, of the State of in the
United States of America, do direct any bank or trust company at which I have a
bank account of any kind or at which a corporation or other entity has a bank
account of any kind upon which I am authorized to draw, and its officers,
employees and agents, to disclose all information and deliver copies of all
documents of every nature in your possession or control which relate to the said
bank accounts to any attorney of the Federal Trade Commission, and to give
evidence relevant thereto, Anderson Lee Fernanders v Jeff Wright
Genesee County Drain Commissioner, Darnell Earle, Flint's State-Appointed Emergency
Manager, Dayne Walling, Mayor of the City of Flint, And Mr. and Ms/Mrs. Jane and John
Doe/Unknown (1 To 1000), now pending in the United States District Court for the Eastern
District of Michigan, and this shall be irrevocable authority for so doing. This direction is
intended to apply to the laws of countries other than the United States which restrict or prohibit
the disclosure of bank information without the consent of the holder of the account, and shall be
construed as consent with respect thereto, and the same shall apply to any of the bank accounts
for which I may be a relevant principal.


Dated: _____

Signature: _____

Printed full name: _____

UNITED STATES DISTRICT COURT EASTERN DISTRICT

OF MICHIGAN SOUTHERN DIVISION

ANDERSON LEE FERNANDERS
     Plaintiff,
V

JEFF WRIGHT
GENESEE COUNTY DRAIN COMMISSIONER,
DARNELL EARLE
FLINT'S STATE-APPOINTED
EMERGENCY MANAGER,
DAYNE WALLING
MAYOR OF THE CITY OF FLINT,

AND
MR. AND MS/MRS. JANE AND
JOHN DOE/UNKNOWN (1 TO 1000)
     Defendents.
_____/

AFFIDAVIT

I, <u>Anderson Lee Fernanders</u>, certify that the following information presented in this affidavit is true and accurate to the best of my knowledge: The city of Flint's water system exceeded the trihalomethanes (TTHM) MCL. The violation of a drinking water standard occurred as soon as the TTHMs went over 80 ug/L. In January 2015, a notice from the City of Flint was sent via the mail to 5801 Marlowe Drive Flint, MI 48505 stating that the location reporting the highest TTHM level was 99 ug/L. Mr. Fernanders and other residents of the city of Flint are charged for water and sewer service.

Anderson Lee Fernanders

Subscribed and sworn to before me on this date  1-9-15 , Genesee County, Michigan
My commission expires on this date: April 25, 2016 , Notary public, State of
Michigan, County of: Genesee

Pamela S. McChest

Signature of Notary Public

Pamela S. McChester

Name of Notary Public
NOTARY PUBLIC

PAMELA S. McCHESTER
NOTARY PUBLIC - MICHIGAN
GENESEE COUNTY
MY COMMISSION EXPIRES APR. 25, 2016
ACTING IN GENESEE COUNTY

✎JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
Anderson L Fernanders

**DEFENDANTS**
Jeff Wright, Genesee County Drain Commissioner, Darnell Earle, Flint's State-Appointed Emergency Manager, Dayne Walling, Mayor of The City Of Flint, and at el

**(b)**  County of Residence of First Listed Plaintiff   Genesee
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Genesee
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☒ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Federal Safe Water Act, and Uniform Commercial Code (UCC)
Brief description of cause:
Domestic water supplied by the City of Flint that contains over 80 ppb of THMs

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**  52,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)   JUDGE                           DOCKET NUMBER

DATE   1-9-15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anderson L Fernanders

**DEFENDANTS**
Jeff Wright, Genesee County Drain Commissioner, Darnell Earle, Flint's State-Appointed Emergency Manager, Dayne Walling, Mayor of The City Of Flint, and at el

**(b)** County of Residence of First Listed Plaintiff   **Genesee**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **Genesee**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Case: 2:15-cv-10083
Judge: Cohn, Avern
MJ: Whalen, R. Steven
Filed: 01-09-2015
IFP Anderson Fernanders v. Jeff Wright, et al (dw)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☒ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**)
Federal Safe Water Act, and Uniform Commercial Code (UCC)

Brief description of cause:
Domestic water supplied by the City of Flint that contains over 80 ppb of THMs

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 52,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE  1-9-15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

| | |
|---|---|
| ☑ | Two (2) completed **Civil Cover Sheets**. |

| | |
|---|---|
| ☑ | Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank. <br><br> _3_ + 2 = _5_ **Complaints.** <br> # of Defendants    Total <br><br> Received by Clerk: _dw_ Addresses are complete: ✓ | Case: 2:15-cv-10083 <br> Judge: Cohn, Avern <br> MJ: Whalen, R. Steven <br> Filed: 01-09-2015 <br> IFP Anderson Fernanders v. Jeff Wright, et al (dw) |

| | |
|---|---|
| ☐ | If any of your defendants are **government agencies**: <br> Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. |

| **If Paying The Filing Fee:** | **If Asking That The Filing Fee Be Waived:** |
|---|---|
| ☐ Current new civil action filing fee is attached. <br><br> Fees may be paid by check or money order made out to: <br><br> *Clerk, U.S. District Court* <br><br> Received by Clerk: _____ Receipt #:_____ | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms. <br><br><br> Received by Clerk: _dw_ |

## Select the Method of Service you will employ to notify your defendants:

| **Service via Summons by Self** | **Service by U.S. Marshal** <br> (Only available if fee is waived) | **Service via Waiver of Summons** <br> (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address. <br><br><br><br><br><br><br> Received by Clerk: _____ | ☑ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint. <br><br> ☑ Two (2) completed **Request for Service by U.S. Marshal** form. <br><br> Received by Clerk: _dw_ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk. <br><br> <u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted</u>, you will need: <br> • One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant. <br> • Two (2) **Waiver of the Service of Summons** forms per defendant. <br><br> Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

## Clerk's Office Use Only

Note any deficiencies here:

Rev. 4/13