UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.                                                     Case No. 15-10083

JEFF WRIGHT, GENESEE COUNTY           HON. AVERN COHN
DRAIN COMMISSIONER, DARNEL EARLE,
FLINT'S STATE-APPOINTED EMERGENCY
MANAGER, DAYNE WALLING, MAYOR OF
THE CITY OF FLINT,

and

MR. and MS./MRS. JANE AND JOHN DOE/
UNKNOWN (1-100)

    Defendants.
_____/

**ORDER**
**GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND DISMISSING COMPLAINT**

I.

Plaintiff Anderson Lee Fernanders, proceeding pro se, has filed an "Ex Parte Complaint for Preliminary Injunction and Other Relief" naming "Jeff Wright, Genesee County, Drain Commissioner, Darnel Earle, Flint's State-appointed Emergency Manager, Dayne Walling, Mayor of The City of Flint, and Mr. and Ms./Mrs. Jane and John Doe/ Unknown (1-100)" as defendants.

Plaintiff seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the

complaint will be dismissed for lack of subject-matter jurisdiction.

II.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. This section "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. In order to determine whether dismissal under § 1915(e)(2)(B) is appropriate, it must be determined whether the plaintiff's complaint "makes an arguable legal claim and whether it is based on rational facts." Lawler v. Marshall 898 F.2d 1196, 1198 (6th Cir. 1990). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic", or "delusional." Id. at 327-28.

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Moreover, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

III.

The Court has reviewed the complaint as well as the documents attached to the complaint. From what can be gleaned, plaintiff alleges that defendants "poisoned" plaintiff and all other residents of th City of Flint residents by providing water contaminated with toxins known as "Trihalomethanes." The complaint asserts six (6) counts, phrased by plaintiff as follows:

Count One - Negligence
Count Two - Breach of Duty to Statutory Standard of Care (Negligence Per Se)
Count Three - Breach of Express and Implied Good Faith and Fiduciary
Count Four - Civil Conspiracy
Count Five - Constitutional Tort
Count Six - Preliminary Injunction

Plaintiff seeks injunctive relief[1] and damages.

The Court cannot discern a plausible basis for jurisdiction. While plaintiff appears to allege that jurisdiction is based on a federal question, he refers simply to the

---

[1]Plaintiff has separately filed an "Ex Parte Motion for a Temporary Restraining Order with Asset Freeze and Other Equitable Relief."

3

"Federal Safe Water Act." This is insufficient.[2] Rather, it appears that plaintiff's claims are brought under state law. Claims under state law against state individuals or entities must be brought in state court, not federal court.

IV.

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) because it fails to set forth the basis for subject matter jurisdiction. The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 20, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

---

[2] While plaintiff did not cite a discrete federal statute, it is plausible that plaintiff is seeking to file a claim under the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and/or the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j-8. However, even assuming plaintiff was pursuing relief under either act, the Court lacks subject matter jurisdiction over such a claim. First, there are no allegations that plaintiff provided the defendants with adequate notice of the alleged statutory violations. See 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation, including activity, persons responsible, location and dates); id. § 135.12 (notice requirement identical under SDWA). Moreover, an individual must provide notice to the EPA prior to instituting a lawsuit under the CWA or SDWA. See 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j–8(b)(1)(B). The complaint does not contain any allegations that plaintiff complied with this requirement.