UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

       Plaintiff,

v.                                                                        Case No. 15-10083

JEFF WRIGHT, GENESEE COUNTY                    HON. AVERN COHN
DRAIN COMMISSIONER, DARNEL EARLE,
FLINT'S STATE-APPOINTED EMERGENCY
MANAGER, DAYNE WALLING, MAYOR OF
THE CITY OF FLINT,

and

MR. and Ms/MRs. JANE AND JOHN DOE/
UNKNOWN (1-100)

       Defendants.
_____/

## ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 7)

I.

Plaintiff Anderson Lee Fernanders, proceeding pro se, filed an "Ex Parte

Complaint for Preliminary Injunction and Other Relief" naming "Jeff Wright, Genesee

County, Drain Commissioner, Darnel Earle, Flint's State-appointed Emergency

Manager, Dayne Walling, Mayor of The City of Flint, and Mr. and Ms./Mrs. Jane and

John Doe/ Unknown (1-100)" as defendants.  Plaintiff also sought to proceed in forma

pauperis (IFP).  The Court granted plaintiff permission to proceed IFP and dismissed

the complaint for lack of subject-matter jurisdiction and for failure to state a claim.  (Doc.

5).

Before the Court is plaintiff's motion for reconsideration.  For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(h) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

III.

In the order of dismissal, the Court explained that the complaint did not state a plausible basis for jurisdiction.  While plaintiff appeared to allege that jurisdiction was based on a federal question, the complaint referred simply to the "Federal Safe Water Act."  The Court also noted that to the extent plaintiff may be seeking to pursue a claim under the Clean Water Act ("CWA"),33 U.S.C. § 1365, and/or the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j-8, there was no indication he provided the defendants with adequate notice of the alleged statutory violations.  See 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation, including activity, persons responsible, location and dates); id. § 135.12 (notice requirement identical under SDWA).  Moreover, an individual must provide notice to the EPA prior to instituting a lawsuit under the CWA or SDWA.  See 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j–8(b)(1)(B).

2

In moving for reconsideration, it appears that plaintiff is asking that the complaint be considered to provide the required notice to the defendants under federal law. Plaintiff cites no authority for this request and the Court is aware of no such authority. Rather, plaintiff must follow the statutory and regulatory procedures under the CWA or the SDWA before filing a lawsuit.  In short, plaintiff has not shown that the Court erred in dismissing the complaint.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 26, 2015
        Detroit, MI


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 26, 2015, by electronic and/or ordinary mail.

S/ Karri Sandusky for Sakne Chami
Case Manager, (313) 234-5160

3