UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

ANDERSON LEE FERNANDERS

    Plaintiff,

V

JEFF WRIGHT
GENESEE COUNTY DRAIN COMMISSIONER,
DARNELL EARLE
FLINT'S STATE-APPOINTED
EMERGENCY MANAGER,
DAYNE WALLING
MAYOR OF THE CITY OF FLINT,

AND

MR. AND MS/MRS. JANE AND
JOHN DOE/UNKNOWN (1 TO 1000)
    Defendents.           /

Case No. 2:15-cv-10083
Hon. Avern Cohn
Mag. Steven R Whalen



FILED
MAR 17 2015
U.S. DISTRICT COURT
FLINT, MICHIGAN

## EX PARTE MOTION FOR RELIEF

NOW COMES the Plaintiff, *in pro per, sui juris*, and moves this Court for relief pursuant to Fed.R.Civ.P. 60 (a) and (b) from the attached Docket # 5 and 6 Dismissing Plaintiff's Complaint and Docket # 8 Denying Plaintiff's Motion for Reconsideration (Doc 7) for the following reasons:

1) a mistake arose from this Court's oversight or omission as to not allow jurisdiction pursuit to Uniform Commercial Code (UCC) because it appeared at no time during this Court's discussion of Plaintiff's ex parte Complaint's basis for subject matter jurisdiction nor in this Court's discussion of error in dismissing Plaintiff's ex parte Complaint's.

2) 60 days has pasted in which Defendants were served notice of Plaintiff's Ex Parte Complaint filed 1-9-15 via Ex Parte Motion for a Temporary Restraining Order with Asset Freeze and Other Equitable (TRO) filed 1-15-15 therefore applying Docket # 5, 6, and 8 prospectively is no longer equitable,

and those contained in his accompanying Memorandum.

WHEREFORE, Anderson Lee Fernanders prays that this Honorable Court make him whole by GRANT relief from Docket # 5, 6, and 8, GRANT jurisdiction as a federal question, GRANT recovery of and all other relief sought in his Ex Parte Motion for a Temporary Restraining Order with Asset Freeze and Other Equitable (TRO) without written or oral notice to Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) and other relief that this Court finds as may be just and proper in the premises.

Respectfully,

/Anderson Lee Fernanders

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

ANDERSON LEE FERNANDERS

    Plaintiff,

V

JEFF WRIGHT
GENESEE COUNTY DRAIN COMMISSIONER,
DARNELL EARLE
FLINT'S STATE-APPOINTED
EMERGENCY MANAGER,
DAYNE WALLING
MAYOR OF THE CITY OF FLINT,

AND

MR. AND MS/MRS. JANE AND
JOHN DOE/UNKNOWN (1 TO 1000)
    Defendents.                     /

Case No. 2:15-cv-10083
Hon. Avern Cohn
Mag. Steven R Whalen



FILED
MAR 17 2015
U.S. DISTRICT COURT
FLINT, MICHIGAN

**MEMORANDUM IN SUPPORT**

I. STATEMENT OF FACTS

Plaintiff's Statement of Facts as written in his *ex parte* Complaint, TRO, and Doc 7 are hereby incorporated as if fully set forth herein as facts in this Memorandum in Support.

II. STANDARD OF REVIEW

Fed.R.Civ.P. 60 (a) and (b)

III. ARGUMENT

**Introduction**

Plaintiff's Statement of Facts as written in his *ex parte* Complaint, TRO, and Doc 7 are hereby incorporated as if fully set forth herein as facts in this Memorandum in Support.

**Discussion**

> **Mistake arose from this Court's oversight or omission as to not allow jurisdiction pursuit to Uniform Commercial Code (UCC) because it appeared at no time during this Court's discussion of Plaintiff's ex parte Complaint's basis for subject matter jurisdiction nor in this Court's discussion of error in dismissing Plaintiff's ex parte Complaint's**

Approximately 4 pages of Doc 7 was devoted to addressing 1) his Complaint reads "This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of a federal question, Uniform Commercial Code (UCC) and Federal Safe Water Act, Michigan Safe Water Act." (p 3), 2) A clear error of law to prevent a manifest injustice occurred by not awarding jurisdiction to Plaintiffs Complaint is brought under Uniform Commercial Code (UCC or "the Code") given it was included as a federal question. Furthermore, Plaintiff's Ex Parte Complaint contains Uniform Commercial Code in ¶ 48 under **Count One Negligence,** ¶ 55 under **Count Two Breach Of Duty To Statutory Standard Of Care (Negligence Per Se),** ¶

4

58 under **Count Three Breach Of Express And Implied Good Faith And Fiduciary**, and ¶ 71 under **Count Five Constitutional Tort**.

> **60 days has pasted in which Defendants were served notice of Plaintiff's Ex Parte Complaint filed 1-9-15 via Ex Parte Motion for a Temporary Restraining Order with Asset Freeze and Other Equitable (TRO) filed 1-15-15 therefore applying Docket # 5, 6, and 8 prospectively is no longer equitable**

At this time, a federal or state agency has not commenced nor is diligently prosecuting an administrative enforcement action against Defendants. The TRO proof of service states that Defendants were served by Plaintiff on 1-15-15. The TRO's Statement of Facts reads "Statement of Facts as written in his *ex parte* Complaint are hereby incorporated as if fully set forth herein as facts in this Memorandum in Support." (p 3). The TRO's gave Defendants the opportunity to come into compliance.

The Ninth Circuit has held that "[t]he key language in the notice regulation is the phrase 'sufficient information to permit the recipient to identify' the alleged violations." *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 951 (9th Cir. 2002); *San Francisco Baykeeper, Inc. v. Tosco Corp.*, 309 F.3d 1153, 1155, 1158 (9th Cir. 2002). The Third Circuit has also stressed this language in *Pub. Interest Research Group of N.J., Inc. v. Hercules, Inc.*, 50 F.3d 1239 (3d Cir. 1995), citing to the following legislative history: "'[t]he regulations should not require notice that places impossible or unnecessary burdens on citizens but rather should be confined to requiring information necessary to give a clear indication of the citizens' intent.'" *Id*. At 1246, citing S. Rep. No. 92-414 at 80 (1971), 92d Cong. 1st Sess. Likewise, the Second Circuit requires the plaintiff to describe alleged violations with "reasonable specificity" and refuses to "'allow form to prevail over substance.'" *Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York*, 273 F.3d 481, 487 (2d Cir. 2001)(emphasis added); *see also*

*CARS (Citizens Against Retail Sprawl), et al. v. U.S. Army Corps of Eng'rs*, 2005 WL 3534178, *1, *5 (W.D.N.Y. Dec. 23, 2005). The Seventh Circuit has held that "[i]n practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit." *Atl. States Legal Found., Inc. v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997) (emphasis added).

WHEREFORE, Anderson Lee Fernanders prays that this Honorable Court make him whole by GRANT relief from Docket # 5, 6, and 8, GRANT jurisdiction as a federal question, GRANT recovery of and all other relief sought in his Ex Parte Motion for a Temporary Restraining Order with Asset Freeze and Other Equitable (TRO) without written or oral notice to Defendants and Mr. and Ms/Mrs. Jane and John Doe/Unknown (1 to 1000) and other relief that this Court finds as may be just and proper in the premises.

Respectfully
3-17-15
Anderson Lee Fernanders/Date
5801 Marlowe Drive
Flint, MI 48504
(216) 272-3539

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

ANDERSON LEE FERNANDERS

    Plaintiff,

V

JEFF WRIGHT
GENESEE COUNTY DRAIN COMMISSIONER,
DARNELL EARLE
FLINT'S STATE-APPOINTED
EMERGENCY MANAGER,
DAYNE WALLING
MAYOR OF THE CITY OF FLINT,

AND

MR. AND MS/MRS. JANE AND
JOHN DOE/UNKNOWN (1 TO 1000)
    Defendents.                    /

Case No. 2:15-cv-10083
Hon. Avern Cohn
Mag. Steven R Whalen

FILED
MAR 17 2015
U.S. DISTRICT COURT
FLINT, MICHIGAN

PROOF OF SERVICE

    I hereby certify that I mailed a copy of this Ex Parte Motion for Relief by prepaid U.S. First Class Mail, to the following persons on 17th of March 2015: Jeff Wright, 4610 Beecher Road Flint, MI 48532; Darnell Earle, 14th Floor, Fisher Building, 3011 West Grand Blvd., Detroit, MI 48202 ; and Dayne Walling, 1101 South Saginaw Street # 101 Flint, MI 48502.

3-17-15
Anderson Lee Fernanders/Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.

JEFF WRIGHT, GENESEE COUNTY
DRAIN COMMISSIONER, DARNEL
EARLE, FLINT'S STATE-APPOINTED
EMERGENCY MANAGER, DAYNE
WALLING, MAYOR OF
THE CITY OF FLINT,

and

MR. and MS./MRS. JANE AND JOHN
DOE/
UNKNOWN (1-100),

    Defendant.
_____/

Case No. 15-10083

HONORABLE AVERN COHN

## JUDGMENT

In accordance with the order of dismissal entered on January 20, 2015, it is hereby adjudged and decreed that the foregoing action is DISMISSED.

DAVID WEAVER

Dated: January 20, 2015

By: s/ Sakne Chami
    Deputy Clerk

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 20, 2015, by electronic and/or ordinary mail.

s/Sakne Chami
Case Manager, (313) 234-5160

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.

JEFF WRIGHT, GENESEE COUNTY
DRAIN COMMISSIONER, DARNEL EARLE,
FLINT'S STATE-APPOINTED EMERGENCY
MANAGER, DAYNE WALLING, MAYOR OF
THE CITY OF FLINT,

and

MR. and Ms/MRs. JANE AND JOHN DOE/
UNKNOWN (1-100)

    Defendants.
_____/

Case No. 15-10083

HON. AVERN COHN

## ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 7)

I.

Plaintiff Anderson Lee Fernanders, proceeding pro se, filed an "Ex Parte Complaint for Preliminary Injunction and Other Relief" naming "Jeff Wright, Genesee County, Drain Commissioner, Darnel Earle, Flint's State-appointed Emergency Manager, Dayne Walling, Mayor of The City of Flint, and Mr. and Ms./Mrs. Jane and John Doe/ Unknown (1-100)" as defendants. Plaintiff also sought to proceed in forma pauperis (IFP). The Court granted plaintiff permission to proceed IFP and dismissed the complaint for lack of subject-matter jurisdiction and for failure to state a claim. (Doc. 5).

Before the Court is plaintiff's motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(h) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

III.

In the order of dismissal, the Court explained that the complaint did not state a plausible basis for jurisdiction. While plaintiff appeared to allege that jurisdiction was based on a federal question, the complaint referred simply to the "Federal Safe Water Act." The Court also noted that to the extent plaintiff may be seeking to pursue a claim under the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and/or the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j-8, there was no indication he provided the defendants with adequate notice of the alleged statutory violations. See 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation, including activity, persons responsible, location and dates); id. § 135.12 (notice requirement identical under SDWA). Moreover, an individual must provide notice to the EPA prior to instituting a lawsuit under the CWA or SDWA. See 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j–8(b)(1)(B).

2

In moving for reconsideration, it appears that plaintiff is asking that the complaint be considered to provide the required notice to the defendants under federal law. Plaintiff cites no authority for this request and the Court is aware of no such authority. Rather, plaintiff must follow the statutory and regulatory procedures under the CWA or the SDWA before filing a lawsuit. In short, plaintiff has not shown that the Court erred in dismissing the complaint.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2015
Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 26, 2015, by electronic and/or ordinary mail.

S/ Karri Sandusky for Sakne Chami
Case Manager, (313) 234-5160

Case 2:15-cv-10083-AC-RSW ECF No. 9, PageID.108 Filed 03/17/15 Page 12 of 15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.

JEFF WRIGHT, GENESEE COUNTY
DRAIN COMMISSIONER, DARNEL EARLE,
FLINT'S STATE-APPOINTED EMERGENCY
MANAGER, DAYNE WALLING, MAYOR OF
THE CITY OF FLINT,

and

MR. and MS./MRS. JANE AND JOHN DOE/
UNKNOWN (1-100)

    Defendants.
_____/

Case No. 15-10083

HON. AVERN COHN

## ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

I.

Plaintiff Anderson Lee Fernanders, proceeding pro se, has filed an "Ex Parte Complaint for Preliminary Injunction and Other Relief" naming "Jeff Wright, Genesee County, Drain Commissioner, Darnel Earle, Flint's State-appointed Emergency Manager, Dayne Walling, Mayor of The City of Flint, and Mr. and Ms./Mrs. Jane and John Doe/ Unknown (1-100)" as defendants.

Plaintiff seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the

complaint will be dismissed for lack of subject-matter jurisdiction.

II.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. This section "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. In order to determine whether dismissal under § 1915(e)(2)(B) is appropriate, it must be determined whether the plaintiff's complaint "makes an arguable legal claim and whether it is based on rational facts." Lawler v. Marshall 898 F.2d 1196, 1198 (6th Cir. 1990). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic", or "delusional." Id. at 327-28.

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

2

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Moreover, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

III.

The Court has reviewed the complaint as well as the documents attached to the complaint. From what can be gleaned, plaintiff alleges that defendants "poisoned" plaintiff and all other residents of th City of Flint residents by providing water contaminated with toxins known as "Trihalomethanes." The complaint asserts six (6) counts, phrased by plaintiff as follows:

Count One - Negligence
Count Two - Breach of Duty to Statutory Standard of Care (Negligence Per Se)
Count Three - Breach of Express and Implied Good Faith and Fiduciary
Count Four - Civil Conspiracy
Count Five - Constitutional Tort
Count Six - Preliminary Injunction

Plaintiff seeks injunctive relief[1] and damages.

The Court cannot discern a plausible basis for jurisdiction. While plaintiff appears to allege that jurisdiction is based on a federal question, he refers simply to the

---

[1] Plaintiff has separately filed an "Ex Parte Motion for a Temporary Restraining Order with Asset Freeze and Other Equitable Relief."

"Federal Safe Water Act." This is insufficient.[2] Rather, it appears that plaintiff's claims are brought under state law. Claims under state law against state individuals or entities must be brought in state court, not federal court.

IV.

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) because it fails to set forth the basis for subject matter jurisdiction. The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 20, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

---

[2] While plaintiff did not cite a discrete federal statute, it is plausible that plaintiff is seeking to file a claim under the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and/or the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j-8. However, even assuming plaintiff was pursuing relief under either act, the Court lacks subject matter jurisdiction over such a claim. First, there are no allegations that plaintiff provided the defendants with adequate notice of the alleged statutory violations. See 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation, including activity, persons responsible, location and dates); id. § 135.12 (notice requirement identical under SDWA). Moreover, an individual must provide notice to the EPA prior to instituting a lawsuit under the CWA or SDWA. See 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j-8(b)(1)(B). The complaint does not contain any allegations that plaintiff complied with this requirement.