UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANDERSON LEE FERNANDERS

        Plaintiff(s),

v.

JEFF WRIGHT et al

        Defendant(s).
_____/

Case No. 2:15-cv-10083

Judge Avern Cohn

Magistrate Judge R. Steven Whalen

**FILED**
APR - 8 2015
U.S. DISTRICT COURT
FLINT, MICHIGAN

## NOTICE OF APPEAL

Notice is hereby given that **Anderson Lee Fernanders** appeals to the United States Court of Appeals for the Sixth Circuit from the: ☑ Judgment ☑ Order

☐ Other: _____

entered in this action on **3-24-15 (DK 112), 2-26-15 (DK 94), 1-20-15 (DK 76 & 72)**

Date: April 8, 2015

Counsel is: PRO SE

_/s/ Anderson_

5801 Marlowe Drive
Flint MI 48504
810-908-1787

**Appellant:** Please file this form with the District Court Clerk's Office. If you are paying the filing fee, please make your $455.00 check payable to: Clerk, U.S. District Court.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.

Case No. 15-10083

HON. AVERN COHN

JEFF WRIGHT, GENESEE COUNTY
DRAIN COMMISSIONER, DARNEL EARLE,
FLINT'S STATE-APPOINTED EMERGENCY
MANAGER, DAYNE WALLING, MAYOR OF
THE CITY OF FLINT,

and

MR. and Ms/MRs. JANE AND JOHN DOE/
UNKNOWN (1-100)

    Defendants.
_____/

## ORDER
## DENYING PLAINTIFF'S MOTION FOR RELIEF (Doc. 9)

I.

Plaintiff Anderson Lee Fernanders, proceeding pro se, filed an "Ex Parte Complaint for Preliminary Injunction and Other Relief" naming "Jeff Wright, Genesee County, Drain Commissioner, Darnel Earle, Flint's State-appointed Emergency Manager, Dayne Walling, Mayor of The City of Flint, and Mr. and Ms./Mrs. Jane and John Doe/ Unknown (1-100)" as defendants.[1] Plaintiff also sought to proceed in forma pauperis (IFP). The Court granted plaintiff permission to proceed IFP and dismissed the complaint for lack of subject-matter jurisdiction and for failure to state a claim. (Doc. 5). Plaintiff filed a motion for reconsideration. (Doc. 7). The Court denied the motion.

---

[1] Plaintiff's filings are virtually unintelligible.

(Doc. 8).

Now before the Court is plaintiff's "Ex Parte Motion for Relief," in which he again asks the Court to reconsider dismissing the case. The Court construes the motion as a motion under Fed. R. Civ. P. 60(b). The motion is DENIED.

## II.

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

## III.

In the order of dismissal, the Court explained that the complaint did not state a plausible basis for jurisdiction. While plaintiff appeared to allege that jurisdiction was based on a federal question, the complaint referred simply to the "Federal Safe Water Act." The Court also noted that to the extent plaintiff may be seeking to pursue a claim under the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and/or the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j-8, there was no indication he provided the defendants with adequate notice of the alleged statutory violations. See 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation, including activity, persons responsible, location and dates); id. § 135.12 (notice

requirement identical under SDWA).  Moreover, the Court informed plaintiff that an individual must provide notice to the EPA prior to instituting a lawsuit under the CWA or SDWA.  See 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j–8(b)(1)(B).

In moving for reconsideration, plaintiff appeared to ask that the complaint be considered to provide the required notice to the defendants under federal law.  The Court explained that plaintiff must follow the statutory and regulatory procedures under the CWA or the SDWA before filing a lawsuit.

In plaintiff's motion for relief, he appears to say that the Court did not consider that jurisdiction was premised on the "Uniform Commercial Code."  Plaintiff's argument is unavailing.  Even assuming the complaint asserts a claim under the "Uniform Commercial Code," such a claim or claims is premised on state law, not federal law. See M.C.L. § 440.1101, et seq.  Thus, it does not provide the Court with federal jurisdiction.  Plaintiff is therefore not entitled to relief under Fed. R. Civ. P. 60(b).

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2015  
Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 24, 2015, by electronic and/or ordinary mail.

S/Sakne Chami  
Case Manager, (313) 234-5160

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.

Case No. 15-10083

HONORABLE AVERN COHN

JEFF WRIGHT, GENESEE COUNTY
DRAIN COMMISSIONER, DARNEL
EARLE, FLINT'S STATE-APPOINTED
EMERGENCY MANAGER, DAYNE
WALLING, MAYOR OF
THE CITY OF FLINT,

and

MR. and MS./MRS. JANE AND JOHN
DOE/
UNKNOWN (1-100),

    Defendant.
_____/

## JUDGMENT

In accordance with the order of dismissal entered on January 20, 2015, it is hereby adjudged and decreed that the foregoing action is DISMISSED.

DAVID WEAVER

Dated: January 20, 2015

By: s/ Sakne Chami
    Deputy Clerk

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 20, 2015, by electronic and/or ordinary mail.

s/Sakne Chami
Case Manager, (313) 234-5160

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.

    Case No. 15-10083

JEFF WRIGHT, GENESEE COUNTY
DRAIN COMMISSIONER, DARNEL EARLE,
FLINT'S STATE-APPOINTED EMERGENCY
MANAGER, DAYNE WALLING, MAYOR OF
THE CITY OF FLINT,

    HON. AVERN COHN

and

MR. and Ms/MRs. JANE AND JOHN DOE/
UNKNOWN (1-100)

    Defendants.
_____/

## ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 7)

I.

Plaintiff Anderson Lee Fernanders, proceeding pro se, filed an "Ex Parte Complaint for Preliminary Injunction and Other Relief" naming "Jeff Wright, Genesee County, Drain Commissioner, Darnel Earle, Flint's State-appointed Emergency Manager, Dayne Walling, Mayor of The City of Flint, and Mr. and Ms./Mrs. Jane and John Doe/ Unknown (1-100)" as defendants. Plaintiff also sought to proceed in forma pauperis (IFP). The Court granted plaintiff permission to proceed IFP and dismissed the complaint for lack of subject-matter jurisdiction and for failure to state a claim. (Doc. 5).

Before the Court is plaintiff's motion for reconsideration. For the reasons that follow, the motion is DENIED.

II.

E.D. Mich LR 7.1(h) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

III.

In the order of dismissal, the Court explained that the complaint did not state a plausible basis for jurisdiction. While plaintiff appeared to allege that jurisdiction was based on a federal question, the complaint referred simply to the "Federal Safe Water Act." The Court also noted that to the extent plaintiff may be seeking to pursue a claim under the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and/or the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j-8, there was no indication he provided the defendants with adequate notice of the alleged statutory violations. See 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation, including activity, persons responsible, location and dates); id. § 135.12 (notice requirement identical under SDWA). Moreover, an individual must provide notice to the EPA prior to instituting a lawsuit under the CWA or SDWA. See 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j–8(b)(1)(B).

In moving for reconsideration, it appears that plaintiff is asking that the complaint be considered to provide the required notice to the defendants under federal law. Plaintiff cites no authority for this request and the Court is aware of no such authority. Rather, plaintiff must follow the statutory and regulatory procedures under the CWA or the SDWA before filing a lawsuit. In short, plaintiff has not shown that the Court erred in dismissing the complaint.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: February 26, 2015
      Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 26, 2015, by electronic and/or ordinary mail.

        S/ Karri Sandusky for Sakne Chami
        Case Manager, (313) 234-5160

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

    Plaintiff,

v.

JEFF WRIGHT, GENESEE COUNTY
DRAIN COMMISSIONER, DARNEL EARLE,
FLINT'S STATE-APPOINTED EMERGENCY
MANAGER, DAYNE WALLING, MAYOR OF
THE CITY OF FLINT,

and

MR. and MS./MRS. JANE AND JOHN DOE/
UNKNOWN (1-100)

    Defendants.
_____/

Case No. 15-10083

HON. AVERN COHN

## ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

I.

Plaintiff Anderson Lee Fernanders, proceeding pro se, has filed an "Ex Parte Complaint for Preliminary Injunction and Other Relief" naming "Jeff Wright, Genesee County, Drain Commissioner, Darnel Earle, Flint's State-appointed Emergency Manager, Dayne Walling, Mayor of The City of Flint, and Mr. and Ms./Mrs. Jane and John Doe/ Unknown (1-100)" as defendants.

Plaintiff seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the

complaint will be dismissed for lack of subject-matter jurisdiction.

II.

Under 28 U.S.C. § 1915 (e)(2)(B) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. This section "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. In order to determine whether dismissal under § 1915(e)(2)(B) is appropriate, it must be determined whether the plaintiff's complaint "makes an arguable legal claim and whether it is based on rational facts." Lawler v. Marshall 898 F.2d 1196, 1198 (6th Cir. 1990). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual frivolousness includes allegations that are "clearly baseless," "fantastic", or "delusional." Id. at 327-28.

Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir. 2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Moreover, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). Thus, "[p]ro se plaintiffs are not automatically entitled to take every case to trial." Price v. Caruso, 451 F. Supp. 2d 889, 893 (E.D. Mich. 2006) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996)).

III.

The Court has reviewed the complaint as well as the documents attached to the complaint. From what can be gleaned, plaintiff alleges that defendants "poisoned" plaintiff and all other residents of th City of Flint residents by providing water contaminated with toxins known as "Trihalomethanes." The complaint asserts six (6) counts, phrased by plaintiff as follows:

    Count One - Negligence
    Count Two - Breach of Duty to Statutory Standard of Care (Negligence Per Se)
    Count Three - Breach of Express and Implied Good Faith and Fiduciary
    Count Four - Civil Conspiracy
    Count Five - Constitutional Tort
    Count Six - Preliminary Injunction

Plaintiff seeks injunctive relief[1] and damages.

The Court cannot discern a plausible basis for jurisdiction. While plaintiff appears to allege that jurisdiction is based on a federal question, he refers simply to the

---

[1] Plaintiff has separately filed an "Ex Parte Motion for a Temporary Restraining Order with Asset Freeze and Other Equitable Relief."

"Federal Safe Water Act." This is insufficient.[2] Rather, it appears that plaintiff's claims are brought under state law. Claims under state law against state individuals or entities must be brought in state court, not federal court.

IV.

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) because it fails to set forth the basis for subject matter jurisdiction. The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 20, 2015, by electronic and/or ordinary mail.

S/Sakne Chami
Case Manager, (313) 234-5160

---

[2] While plaintiff did not cite a discrete federal statute, it is plausible that plaintiff is seeking to file a claim under the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and/or the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300j-8. However, even assuming plaintiff was pursuing relief under either act, the Court lacks subject matter jurisdiction over such a claim. First, there are no allegations that plaintiff provided the defendants with adequate notice of the alleged statutory violations. See 40 C.F.R. § 135.3 (notice under CWA must provide sufficient information to permit recipient to identify violation, including activity, persons responsible, location and dates); id. § 135.12 (notice requirement identical under SDWA). Moreover, an individual must provide notice to the EPA prior to instituting a lawsuit under the CWA or SDWA. See 33 U.S.C. § 1365(b)(1)(A) and 42 U.S.C. § 300j–8(b)(1)(B). The complaint does not contain any allegations that plaintiff complied with this requirement.

4